**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

eClipse Enterprise
Solutions, LLC

    v.                                          Civil No. 10-cv-547-LM

EndoCeutics, Inc.


**O R D E R**

    eClipse Enterprise Solutions, LLC ("eClipse") is suing its
former client/customer, EndoCeutics, Inc. ("EndoCeutics") in
five counts, asserting claims for breach of contract (Counts I
and II), quantum meruit (Count IV), unjust enrichment (Count V),
and misrepresentation (Count VI).[1]  Those claims, along with four
counterclaims asserted by EndoCeutics, are set for trial the
week of May 15, 2012.  Before the court is eClipse's motion for
leave to amend its complaint to add Count VIII, which asserts a
claim under the New Hampshire Consumer Protection Act ("CPA"),
chapter 358-A of the New Hampshire Revised Statutes Annotated
("RSA").  EndoCeutics objects.  For the reasons that follow,
eClipse's motion for leave to amend is denied.

    The Federal Rules of Civil Procedure provide for amendment
of pleadings, more than twenty-one days after service, "with the

---

[1] In document no. 28, eClipse and EndoCeutics stipulated to
the dismissal of claims for breach of contract (Count III) and
misappropriation of trade secrets (Count VII).

opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  The rule further provides that "[t]he court should freely give leave when justice so requires."  Id.  Under Rule 15(a)(2), "[t]he leave sought should be granted unless the amendment would be futile or reward undue delay."  Abraham v. Woods Hole Ocean. Inst., 553 F.3d 114, 117 (1st Cir. 2009) (citing Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006)).  If "the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend."  Abraham, 553 F.3d at 117 (quoting Boston & Me. Corp. v. Hampton, 987 F.2d 855, 868 (1st Cir. 1993); citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) (finding that "[f]utility means that the complaint, as amended, would fail to state a claim upon which relief could be granted.")).

     But where, as here, a scheduling order has been entered, see endorsed order of Apr. 18, 2011, a different standard applies.  See Trans-Spec Truck Serv. v. Caterpillar Inc., 524 F.3d 315, 327 (1st Cir. 2008).  Specifically:

> [A]s the magistrate judge correctly noted, Rule 16(b) establishes a different standard when a motion to amend comes late in the case.  Rule 16(b) requires that the district court enter a scheduling order setting the deadlines for subsequent proceedings in the litigation, including amendment of the pleadings.

>Fed. R. Civ. P. 16(b)(1), (3)(A).  One purpose of the
>rule is "to assure 'that at some point . . . the
>pleadings will be fixed.'"  O'Connell [v. Hyatt Hotels
>of P.R.], 357 F.3d [152,] 154 [(1st Cir. 2004)]
>(quoting Adv. Comm. Notes to 1983 Amends. to Fed. R.
>Civ. P. 16(b)).  The deadlines established in the
>scheduling order may be extended on a showing of good
>cause.  Id.  Our case law clearly establishes that
>Rule 16(b)'s "good cause" standard, rather than Rule
>15(a)'s "freely give[n]" standard, governs motions to
>amend filed after scheduling order deadlines.  Id. at
>154-55.

Trans-Spec, 524 F.3d at 327.

"It is black-letter law that '[r]egardless of the context,
the longer a plaintiff delays, the more likely [a] motion to
amend will be denied, as protracted delay with its attendant
burdens on the opponent and the court, is itself a sufficient
reason for the court to withhold permission to amend.'"  ACA
Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 57 (1st Cir.
2008) (quoting Steir v. Girl Scouts of the USA, 383 F.3d 7, 12
(1st Cir. 2004); citing Palmer v. Champion Mortg., 465 F.3d 24,
30-31 (1st Cir. 2006); Acosta-Mestre v. Hilton Int'l of P.R.,
Inc., 156 F.3d 49, 52-53 (1st Cir. 1998)).  "Particularly
disfavored are motions to amend whose timing prejudices the
opposing party by requiring a re-opening of discovery with
additional costs, a significant postponement of the trial, and a
likely major alteration in trial tactics and strategy."  Steir,
383 F.3d at 12 (citation and internal quotation marks omitted).

eClipse filed the complaint that initiated this case in November of 2010.  The pretrial scheduling order set June 15, 2011, as the deadline for amendment of pleadings.  See doc. no. 13, at 5.  That order also established that discovery was to close on March 15, 2012.  Id. at 4.  eClipse filed its motion for leave to amend on April 10, 2012.

In its motion, eClipse relies on the "justice so requires" standard stated in Rule 15(a)(2), and argues that the CPA claim it seeks to add is based on evidence uncovered during a February 24, 2012, deposition and documents produced by EndoCeutics on April 5, 2012.  In response, EndoCeutics identifies the correct legal standard, i.e., the "good cause" standard stated in Rule 16(b)(4), and argues that: (1) eClipse has not demonstrated good cause for its amendment; (2) it would be prejudiced by having to defend against eClipse's CPA claim without the benefit of discovery, which closed nearly a month before eClipse filed its motion; and (3) eClipse's proposed Count VIII fails to state a claim under the CPA, which makes its amendment futile.  EndoCeutics has the better argument.

Because it does not recognize the correct legal standard, eClipse does not address the Rule 16(b)(4) "good cause" requirement.  Be that as it may, even under the more plaintiff-friendly Rule 15(a)(2) standard, see Steir, 383 F.3d at 12

4

(describing Rule 15(a)(2) as "the liberal default rule" and Rule 16(b)(4) as "the more demanding 'good cause' standard"), eClipse's motion would be denied as futile.

In Count I of both its original complaint and its proposed amended complaint, eClipse alleges that it entered into a contract with EndoCeutics, <u>see</u> Compl. (doc. no. 1) ¶ 33; Am. Compl. (doc. no. 31) ¶ 33, and then further asserts:

> The Plaintiff provided services and products to the Defendant in accordance with the contract, and for a period of time the Defendant paid for those services and products.

> Suddenly, the Defendant breached the contract by failing to pay the outstanding and approved invoices.

Compl. ¶¶ 34-35; Am. Compl. ¶¶ 34-35.  eClipse described the alleged breach earlier in its complaint: "The Defendant also declined, neglected and refused to pay the Plaintiff for four (4) final invoices even though all of them had been approved by EndoCeutics."  Compl. ¶ 25; Am. Compl. ¶ 25.

In the CPA claim eClipse seeks to incorporate into this case, it asserts:

> By approving the Plaintiff's invoices and then retracting that approval and refusing to pay the Plaintiff, the Defendant has committed unfair and deceptive acts in violation of R.S.A. 358-A:2.

Am. Compl. ¶ 77.  In its motion, eClipse explains that it seeks to add a CPA claim because it learned, during discovery, "that the Defendant acted deceitfully and unfairly when it approved

the Plaintiff's invoices knowing that it was in the process of terminating the Plaintiff's contract and had no intention of paying for its services."  Pl.'s Mot. for Leave ¶ 3.  In addition, eClipse argues that the addition of Count VIII would not prejudice EndoCeutics because: (1) "[t]he underlying factual assertions were already recited in Plaintiff's Complaint and simply flushed out in more detail in discovery," id. ¶ 9; and (2) "the amendment relates primarily, if not exclusively, to the Plaintiff's damages and will not affect the evidence in this case," id. ¶ 10.

eClipse's description of Count VIII as "relat[ing] primarily, if not exclusively, to . . . damages" might support its contention that EndoCeutics would not be prejudiced by allowing the amendment.  But, more importantly, if Count VIII is primarily about damages, as eClipse says, those would be damages resulting from EndoCeutics's alleged breach of contract, and, in New Hampshire, it is well established that "[t]he CPA does not supply a remedy for 'an ordinary breach of contract claim,'" Beer v. Bennett, 160 N.H. 166, 171 (2010) (quoting Milford Lumber Co. v. RCB Realty, Inc., 147 N.H. 15, 19 (2001)).  That is because "[a]n ordinary breach of contract claim . . . is not a violation of the CPA."  George v. Al Hoyt & Sons, Inc., 162 N.H. 123, 129 (2011) (quoting State v. Sideris, 157 N.H. 258,

6

262 (2008)).  In other words, in its attempt to demonstrate a
lack of prejudice to EndoCeutics, eClipse has also demonstrated,
conclusively, the futility of the claim it seeks to assert,
which amounts to nothing more than "[a] Hail Mary pass," United
States v. George, ___ F.3d ___, 2012 WL 1292532, at *1 (1st Cir.
Apr. 17, 2012), thrown in the direction of treble damages.

    By alleging that EndoCeutics first approved its invoices
and then retracted the approval it had been given, see Am.
Compl. ¶ 77, eClipse may be attempting to assert that
EndoCeutics's conduct was more than "an ordinary breach of
contract," 160 N.H. at 171 (citation omitted), such as the
conduct at issue in Milford Lumber.  If that is indeed eClipse's
intent – and its motion for leave does not mention Milford
Lumber – that attempt is ineffective.  Its amended complaint
comes nowhere close to alleging conduct commensurate with that
in Milford Lumber, where the trial court expressed its concern
"that the defendants 'kept [their] relationship with Howe
intentionally vague and then when it came time to make payment
for materials provided by Milford, RCB capitalized upon that
vagueness in an attempt to improperly shield itself from
liability.'"  147 N.H. at 19.  Here, by contrast, eClipse
alleges that EndoCeutics changed its mind about whether it was
obligated to pay eClipse's invoices, but does not adequately

7

allege any factual basis for a claim that EndoCeutics acted unfairly or deceptively by approving invoices it did not intend to pay in order to induce eClipse to continue providing goods and/or services.

To conclude, even with all reasonable inferences from the factual allegations drawn in in eClipse's favor, see Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp., 632 F.3d 762, 771 (1st Cir. 2011) (quoting SEC v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010)), eClipse has not stated a claim under the CPA that meets the pleading requirements established by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 678-80 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-56 (2007).  Because eClipse's proposed Count VIII does not state a claim on which relief could be granted, amending the complaint to add Count VIII would be futile.  See Glassman, 90 F.3d at 623.  Accordingly, eClipse's motion for leave to amend, document no. 27, must be denied, even under the liberal standard of Rule 15(a)(2).  See Abraham, 553 F.3d at 117.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

April 26, 2012
cc:  Susan Aileen Lowry, Esq.
     Philip L. Pettis, Esq.
     Arnold Rosenblatt, Esq.

8